## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVEN T. STEIN and JOLEEN K.       )
STEIN,                              )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )        Case No. 04-1311-JTM
                                    )
GREGORY L. STEIN, et al.,           )
                                    )
            Defendants.             )
                                    )
_____)

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion to amend their complaint (Doc. 31) to: (1) add claims for breach of fiduciary duties and punitive damages and (2) drop Meridian Town Center LLC from this lawsuit and add Western Front Development, Inc. in its place. Defendants oppose the motion. For the reasons set forth below, the plaintiffs' motion to amend shall be GRANTED.

## Background

Steven Stein and Gregory Stein are brothers. Highly summarized, the complaint alleges that Gregory, a real estate developer, sought financial assistance from Steven to complete a real estate project in the state of Washington. Steven and his wife agreed to assist and, in addition to signing promissory notes, provided collateral and personal guarantees for bank

loans used to purchase some of the real estate.   The development was a success; however, a dispute has arisen concerning the nature of plaintiffs' interest in the project.   Plaintiffs contend that they were/are equity investors and have ownership interests in the project.   Defendants contend that plaintiffs' "investment" was in the nature of a loan that the debt has been paid in full with interest.

## Analysis

The standard for permitting a party to amend its complaint is well established.   Without an opposing party's consent, a party may amend its pleading only by leave of the court.  Fed. R. Civ. P. 15(a).[1]   Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion.   Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)).   In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."   Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989).   The court considers a number of factors in deciding whether to allow an amendment, including untimeliness, prejudice to the other party, bad faith, and futility of amendment.   Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

Defendants' primary opposition to the motion to amend is that plaintiffs failed to

---

[1]

A party may amend its pleading once as a matter of course before a responsive pleading is filed.  The time for amending "as a matter of course" is long past.

comply with K.S.A. 60-3703 and establish, through supporting affidavits, that "there is a probability that the plaintiff[s] will prevail on the [punitive damage] claim" before the amendment is allowed.   However, courts in the District of Kansas have consistently held that this state statute (60-3703) is procedural in nature and does not control pleadings in federal courts.   See, e.g., Arnold v. Holmes, 2001 WL 167438 (D. Kan. Feb. 20, 2001); Shultz v. Ford Motor Company, 1995 WL 655197 (D. Kan. October 20, 1995).   Fed. R. Civ. P. 15(a) governs the amendment of pleadings in federal court.   As noted above, the factors the court considers in deciding whether to allow an amendment are untimeliness, prejudice, bad faith, and futility.   Hom, 81 F.3d at 973.   Accordingly, defendants' opposition to the motion to amend based on K.S.A. 60-3703 is rejected.

Defendants further contend that the motion is untimely and prejudicial because "the four month discovery period is nearly half over and mediation is required by February 15, 2005." However, the scheduling order has now been modified to extend both the discovery completion date and deadline for mediation.   (Doc. 49).   Therefore, any prejudice perceived by defendants from the timing of plaintiffs' motion has been alleviated.

Defendants also argue that plaintiffs are unable to establish personal jurisdiction over the defendants; thus, the proposed amendment is futile.   This argument has also been asserted in defendants' motion to dismiss which will be addressed by Judge Marten.   Accordingly, the motion to amend shall be granted and the issue regarding personal jurisdiction will be resolved through the pending dispositive motion.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to amend (**Doc. 31**) is

**GRANTED.**  Plaintiffs shall file their amended complaint by February 19, 2005.

Dated at Wichita, Kansas this 9th day of February 2005.

S/ Karen M. Humphreys

_____

KAREN M. HUMPHREYS
United States Magistrate Judge