IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN T. STEIN and JOLEEN K. STEIN, <br><br> Plaintiffs, <br><br> vs. <br><br> GREGORY L. STEIN, SHARON W. STEIN, MERIDIAN TOWN CENTER LLC, MERIDIAN PLACE, LLC and PL WEST, LLC, <br><br> Defendants. | Case No. 04-1311-JTM |

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Improper Venue or alternatively for Change of Venue (Dkt. No. 29). After reviewing the parties' arguments, the court denies defendants' motion in its entirety.

**I. FACTUAL BACKGROUND**

Plaintiffs Steven and Joleen Stein brought this action in diversity against Steven's brother Gregory Stein and his wife Sharon Stein. Plaintiffs are residents of Kansas, and defendants are residents or entities of Washington. Plaintiffs seek recovery for alleged breach of contract, fraud, unjust enrichment, breach of duty of good faith and fair dealing, and breach of fiduciary duty. Plaintiffs also seek an accounting to determine all present and future anticipated income and revenues. Complaint ¶ 43.

The complaint alleges that defendants advised plaintiffs of a project called "The Meridian Commercial Project" in which Gregory Stein wanted the plaintiffs to invest. Complaint ¶ 12. Based on prior transactions, plaintiffs believed they were equity investors and would split all net operating income and sales proceeds on a 50-50 basis. Complaint ¶ 12. See Complaint ¶¶ 10, 11. In their affidavits, the parties included an April 7, 2000 facsimile that plaintiffs allege set out the terms of their arrangement. Dkt. No. 42, Exhibit 9, at pp. 68-69; Exhibit 10, at pp 1-7. Defendants set up two limited liability companies, Meridian Town Center, LLC and PL West, LLC, to serve as vehicles to purchase the needed real property and develop the Meridian Town Center. Complaint ¶ 13.

In reliance on the alleged contract, plaintiffs allege that they secured a $1.4 million line of credit from the Bank of Tescott in Salina, Kansas, for defendants' use in the venture. Plaintiffs allege that at the behest of defendant Gregory Stein, plaintiffs asked Mike Berkley to secure a loan from Bennington State Bank or Berco, Inc., a Kansas corporation and holding company in which Mr. Berkley had an ownership interest. See Affidavit of Mike Berkley, Dkt. No. 41, Exhibit 3. Plaintiffs allege that Mr. Berkley expressed interest in the project but on the condition that Berco, Inc. would receive an equity interest because of the risk involved in the project. Id. at p. 3. Plaintiffs allege that at the last minute defendant Gregory Stein called Mr. Berkley and advised him that he had found a lender in Washington that he wanted to use instead. Id.

Defendants, however, characterize the entire transaction as merely a loan and allege that no written or oral contract defined plaintiffs as equity investors.

**II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**A. Standard**

In their motion to dismiss, defendants argue that this court does not have specific jurisdiction based on the Kansas long-arm statute, or alternatively the court does not have general jurisdiction. Plaintiffs respond that since state law is co-extensive with federal due process, the court need only focus on the constitutional claim, which it should readily find based on Gregory Stein's contacts with Kansas. Plaintiffs also argue that the court should allow for additional discovery, but the court finds this unnecessary.

A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction requires that the plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when the court decides a motion to dismiss for lack of jurisdiction on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The court must take the allegations in the complaint as true to the extent that they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, the court resolves all factual disputes in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. Behagen v. Amateur Basketball Ass'n of the United States, 744 F.2d 731, 733 (10th Cir. 1984), cert. denied, 471 U.S. 1010 (1985) (citations omitted); Key Indus., Inc. v. O'Doski, Sellers & Clark, Inc., 872 F. Supp. 858, 860-61 (D. Kan. 1994).

A defendant can establish contacts with the forum state sufficient to support jurisdiction in one of two ways. Specific jurisdiction exists when a defendant purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and

protections of its laws, and the claims against him arise out of those contacts. Kuenzle v. HTM Sport Und Freizeitgerate AG, 102 F.3d 453, 455 (10th Cir. 1996). General jurisdiction lies even when the claims are unrelated to the defendant's contacts with the forum state. Trierweiler v. Croxton and Trench Holding Corp., 90 F.3d 1523, 1533 (10th Cir. 1996).  However, general contacts are sufficient only if they are systematic, substantial, and continuous. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

     In analyzing a motion to dismiss for lack of personal jurisdiction, the court must conduct a two-part inquiry. First, it must determine if the defendant's conduct falls within one of the provisions of the forum state's long-arm statute, which in this case is Kan. Stat. Ann. § 60-308(b). Second, the court must determine whether the defendant had sufficient "minimum contacts" with the forum state to satisfy the constitutional due process requirements. Equifax Servs., Inc. v. Hitz, 905 F.2d 1355, 1357 (10th Cir. 1990); Electronic Realty Assocs., L.P. v. Paramount Pictures Corp., 935 F. Supp. 1172, 1175 (D. Kan. 1996).  The Kansas long-arm statute is to be liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment of the United States Constitution.  In re Hesston Corp., 254 Kan. 941, 951, 870 P.2d 17 (1994).  "Because the Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, [the court] proceed[s] directly to the constitutional issue." Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop., 17 F.3d 1302, 1305 (10th Cir. 1994) (citing Volt Delta Res., Inc. v. Devine, 241 Kan. 775, 740 P.2d 1089, 1092 (Kan. 1987)).

     The Tenth Circuit has endorsed a three-part test to determine whether a nonresident defendant's contacts with the forum state are strong enough to justify an exercise of personal

jurisdiction.  See Rambo v. American S. Ins. Co., 839 F.2d 1415, 1419 n. 6 (10th Cir. 1988).  First, the defendant must have sufficient contact with the forum state so that the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.  Second, the defendant must have purposefully availed itself of the privileges of conducting activities in the forum state.  Finally, the quality and nature of the defendant's contacts must be such that it is reasonable, in the context of our federal system of government, to require the defendant to appear in the forum state. Id.; Marcus Food Co. v. Family Foods of Tallahassee, Inc., 729 F. Supp. 753, 757-58 (D. Kan. 1990).

**B. Kansas Long-Arm Statute**

Plaintiffs' complaint asserts jurisdiction based on three provisions of the Kansas long-arm statute: 1) the transaction of business in Kansas; 2) committed torts in the state; and 3) entered into express or implied contracts in Kansas.  Kan. Stat. Ann. § 60-308(b).   Defendants assert that this court lacks personal jurisdiction on the factual basis that neither general nor specific jurisdiction exists.  Plaintiffs argue that they should be allowed additional discovery, but the court finds that this is unnecessary.  While the court may proceed directly to the due process prong of a claim for personal jurisdiction, for the sake of clarity the court will address the parties' specific arguments under the long-arm statute.

**1. Transaction of Business**

The Kansas Supreme Court has addressed what it means to "transact business" within the state:

> "Business" is transacted within the state when an individual is within or enters this state in person or by agent and, through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his economic conditions and satisfy his

desires. The transaction of business exists when the nonresident purposefully does some act or consummates some transaction in the forum state.

Volt Delta Resources, Inc. v. Devine, 241 Kan. 775, 778, 740 P.2d 1089 (1987) (citations omitted). With the advent of modern technology, a defendant need not physically enter the state to transact business within its borders. Environmental Ventures, Inc. v. Alda Servs. Corp., 19 Kan.App.2d 292, 296, 868 P.2d 540 (1994). However, the "mere negotiation of a sales transaction, or placement of an order for goods, over the telephone with persons residing in Kansas does not invoke the benefits and protections of the laws of this state." Green Country Crude, Inc. v. Avant Petroleum, Inc., 648 F. Supp. 1443, 1451 (D. Kan. 1986). Furthermore, as a general rule, letters and telephone calls are insufficient to establish personal jurisdiction. Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1077 (10th Cir. 1995). "Finding the requisite 'transaction of any business' demands an examination of all of the defendant's activities within Kansas which related to the present cause of action." Environmental Ventures, Inc., 19 Kan. App.2d at 296, 868 P.2d 540.

Based on plaintiffs' factual allegations, defendants in their personal capacity and as agents for the two LLCs transacted business in this state. The most significant act upon which the court rests specific jurisdiction is the loan arrangement for $1.4 million from a Kansas bank. For this arrangement, the defendant had to enter into a contract with a local bank. When this act is combined with the telephone calls, e-mails and other electronic transmissions as well as solicitation of potential business, the court finds sufficient basis for specific jurisdiction. While a telephone call, e-mail or solicitation on its own may not have been enough to find jurisdiction, together these activities indicate that defendants, in their individual capacity and as agents for the

LLCs, effectuated or attempted to effectuate a purpose to improve their economic conditions and satisfy their desire. The defendants purposefully availed themselves to some transaction in the forum state.

**2. Tortious Act**

Kan. Stat. Ann. § 60-308(b)(2) provides that Kansas courts have jurisdiction over a person who "comm[its] a tortious act within this state." The Kansas long-arm statute is construed liberally to allow personal jurisdiction to the full extent permitted by due process. Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop., 17 F.3d 1302, 1305 (10th Cir. 1994).

Plaintiffs argue that defendants committed a tortious act in Kansas when defendants made allegedly false representations that induced plaintiffs to act. In reliance on defendants' alleged representation that plaintiffs would become managing members of PL West and would split in operation income of the Meridian project, plaintiffs obtained $6.4 million in funds for defendants' use from the Bank of Tescott. Plaintiffs allege that the funds were secured on the basis of plaintiffs' net worth and personal guarantees. There are clearly factual questions as to the nature of the transaction. In a July 19, 2003 e-mail, defendant Gregory Stein sent an e-mail from his "wdfi.net" account indicating that he viewed the transaction as a loan. See Affidavit of Steven T. Stein, Dkt. No. 42, Exhibit 1, at p. 13 and Exhibit 2, at p. 1 (describing plaintiff Steve Stein as a "debtor" in the development transaction). At the same time, the e-mail noted that plaintiff Steven Stein wanted to formalize his interest in the deal but that Gregory Stein had not received a draft of what Steven Stein "[was] looking for." Affidavit of Steven T. Stein, Dkt. No. 42, Exhibit 1, at p. 13. In a December 18, 2002 e-mail, which was also sent from the "wdfi.net" account, defendant Greg Stein noted that plaintiff Steve Stein's interest in the development had

7

not been finalized, indicating that a participation or receivership may have been contemplated or represented by the parties. Affidavit of Steven T. Stein, Dkt. No. 42, Exhibit 4, at p. 5. As a result, plaintiffs' tort action should be allowed to proceed as there are questions as to what representations had been made between the two brothers.

### 3. Express or Implied Contract

Kan. Stat. Ann. § 60-308(b)(5) provides that a person submits to jurisdiction of the courts in Kansas by entering into an express or implied contract with a resident of Kansas to be performed in whole or in part by either party in Kansas. Jurisdiction will lie if the contract is to be performed "in whole or in part" within the forum. See Universal Premium Acceptance Corp. v. Oxford Bank & Trust, 277 F. Supp. 2d 1120, 1126 (D. Kan. 2003).

Finally, defendants argue that there is no express or implied contract performed wholly or partially in Kansas because plaintiffs' theory of recovery asserts an ownership right in Washington in consideration for money given over to purely Washington activities. Plaintiffs' response to this argument overlaps with the discussion of a "transaction of business." Plaintiffs argue that defendant Gregory Stein sent a facsimile transmission on April 7, 2000, which included essential terms for the formation of a written agreement or contract, and in reliance on the transmission, plaintiffs secured funds from the Bank of Tescott in Salina.

Based on the parties' arguments, an express or implied contract may exist between the parties. If plaintiffs' act of securing the loan constituted acceptance, then the alleged contract was entered into in Kansas. Thus, Kansas is an appropriate forum for this action. Defendants' argument that the choice of law provisions in prior agreements should apply here is premature.

**C. Analysis of Constitutional Due Process Requirements**

At the second step of the analysis, the court examines whether defendants had sufficient contacts with the forum state to satisfy the "minimum contacts" requirement under the Constitution. The complaint does not allege defendants had continuous and systematic contact with Kansas, so the court will only evaluate whether there is specific jurisdiction. See Custom Energy, LLC v. Conservation Group, 93 F. Supp. 2d 1145, 1147 (D. Kan. 2000).

Relevant to the present discussion are two rulings by Judge Van Bebber. In Custom Energy, LLC v. Conservation Group, 93 F. Supp. 2d 1145, 1148 (D. Kan. 2000), the court held that the minimum contacts requirement for personal jurisdiction had not been satisfied. Id. at 1147. Although defendant had entered into a business agreement in Kansas and plaintiff had an office in Kansas that interacted with defendant with numerous phone calls, facsimile and mail to Kansas staff, the court did not find that defendant's conduct and connection with Kansas were such that it should have reasonably anticipated being haled into court here. Id. at 1148 n. 2. The court found that the record lacked evidence that the parties contemplated the future consequences of the contract to be performed in Kansas as well as any other evidence that defendant purposefully established minimum contacts with Kansas. Id. at 1148.

The court contrasted this case with a breach of contract action brought by a Kansas corporation against a Florida corporation in which there were negotiations and counter-proposals with the plaintiffs in Kansas. Id.; Marketing Group v. Success Development Intern., 41 F. Supp. 2d 1241, 1244 (D. Kan. 1999). In Marketing, the court found that the defendant purposely solicited plaintiff in Kansas and voluntarily entered into a contract with plaintiff that was to be performed, at least in part, in Kansas. Marketing, 41 F. Supp. 2d at 1244. The court found that

defendant should have known that some or most of the contract performance would occur in Kansas and that performance of the contract mandated that plaintiff utilize its computers, equipment and reference materials located in its Kansas office. Id.  When defendants refused to make the contractually-required payments, defendants caused foreseeable injuries in Kansas that made it reasonable for defendant to be haled into Kansas courts.  Id.

Plaintiffs argue that a list of contacts provides a basis for jurisdiction including: 1) defendants' solicitation of plaintiffs for the Meridian Town Center real estate project; 2) defendants' securing of a loan from the Bank of Tescott in Salina, Kansas, with the assistance of plaintiffs' personal guarantees; 3) defendants' soliciting of Mike Berkley for funding; 4) defendants' e-mails, faxes and phone calls to Kansas in relation to the loan arrangement; 5) defendants' visits to Kansas in which plaintiffs allege that there were discussions of the Meridian Town Center project; 6) defendants' prior use of the Bank of Tescott for loan arrangements.  Defendants respond that they only arranged a loan with plaintiffs' guarantee and that this loan has been paid with interest.  Defendants further argue that they did not solicit Mike Berkley but rather plaintiffs initiated this contact and that any other communication with persons in Kansas was at the request of plaintiffs.

In reviewing the affidavits presented by both parties, the court finds that the contacts alleged provide a sufficient basis for jurisdiction in Kansas.  As in Marketing, the affidavits state that defendants actively solicited plaintiffs' involvement in the transaction and these arrangements were refined and clarified through subsequent e-mail, fax and phone communications.  Although there was no express contract in Kansas, the defendants, in their

personal capacity and as agents to the LLC, were in contact with plaintiffs in this forum. The April 7, 2000 facsimile, the contents of which were referenced in the complaint, indicate that defendants solicited the plaintiffs.  Plaintiffs allege that in reliance on these representations, they secured loans from the Bank of Tescott for defendants' use.  Defendants' solicitation of plaintiffs and the alleged assent to the agreement through plaintiffs' financial arrangement creates the requisite minimum contacts. Kansas has jurisdiction because in whole or in part performance was contemplated in this state with the financial arrangement.  The quality and nature of the contacts are sufficient for the court to exercise jurisdiction.  Since the court finds specific jurisdiction, the court denies defendants' motion to dismiss.

**IV. MOTION TO DISMISS FOR IMPROPER VENUE**

The standards for deciding a motion to dismiss for improper venue are generally the same as for deciding a motion to dismiss for lack of personal jurisdiction.  Financial Sys. & Equip., Inc. v. Easy Sys., Inc., 2000 WL 714331, at *1 (D. Kan. May 17, 2000); Billings, M.D. v. Clinitec Intern., Inc., 2000 WL 1072167, at *1 (D. Kan. July 25, 2000).  Upon a defendant's challenge to venue, the plaintiff has the burden of establishing that venue is proper in the forum state.  M.K.C. Equip. Co. v. M.A.I.L. Code, Inc., 843 F. Supp. 679, 682 (D. Kan. 1994).  As in a motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of establishing venue over the defendant, and plaintiff must make a prima facie showing on the basis of affidavits and other written material to withstand the motion.  Behagen v. Amateur Basketball Ass'n,, 744 F.2d 731, 733 (10th Cir. 1984), cert. denied, 471 U.S. 1010 (1985) (citations omitted).  The allegations in the complaint must be taken as true to the extent that they are uncontroverted. Id.  Conflicting affidavits are resolved in favor of the plaintiff as long they are

sufficient to withstand contrary showing by the moving party. Id.

Defendants argue that the court should dismiss for improper venue or under the doctrine of forum non conveniens. Defendants argue that venue is not appropriate in Kansas under any of the prongs of 28 U.S.C. § 1391(a) and under 28 U.S.C. § 1391(c) because LLCs are not corporations. Plaintiffs respond that venue is appropriate under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claim occurred in Kansas. Plaintiffs further argue that venue is proper under 28 U.S.C. § 1391(c) because LLCs are treated as corporations for purposes of venue.

The applicable statute provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Subsection (a) (1) and (a)(3) do not apply here because defendants are not Kansas residents and the action could have been brought in Washington. Thus, venue is proper in this district only if a substantial part of the events giving rise to plaintiffs' claim occurred in Kansas. See Etienne v. Wolverine Tube, Inc., 12 F. Supp. 2d 1173, 1180 (D. Kan. 1998). The court reviews a number of factors including whether the contract was negotiated or executed, where it was to be performed and where the alleged breach occurred. Id. citing PI, Inc. v. Quality Products, Inc., 907 F. Supp 752 (S.D.N.Y. 1995).

Applying these factors, the court finds that the alleged contract was sent to plaintiffs in Kansas, and plaintiffs performed their part of the alleged contract in this state. Any of the alleged

fraudulent representations were made via facsimile, e-mail or in person to plaintiffs in Kansas. Thus, Kansas is an appropriate venue under (a)(2). Venue is also proper under 28 U.S.C. § 1391(c). An unincorporated association such as an LLC is treated as a corporation for purposes of venue. See Denver and Rio Grand Western Railroad Co. v. Brotherhood of Railroad Trainmen, 387 U.S. 556, 559-60 (1967). Since it is alleged that defendants acted as agents for PL West and Meridian Place and defendants Gregory Stein and Sharon Stein are the only persons who are members of PL West, which is in turn a member of Meridian Place, the court finds that the LLCs and the individual defendants are properly before this court. Although defendants contend that Meridian Place and PL West are limited in their activities to Washington, the statement of business purpose in the two LLCs' agreement indicate otherwise. The agreements state that the purpose of the companies is to invest in real property in Pierce County, Washington and that the companies "shall have all of the rights, power and authority reasonably required and necessary to give effect to the purposes of the Company." Dkt. No. 29, Exhibit 13, at pp. 1-3. The court interprets this to include entering into financial arrangements through its agents.

**V. MOTION TO CHANGE VENUE**

A request to change venue is governed by 28 U.S.C. § 1631. The statute provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C.A. § 1631. Courts have interpreted the phrase "if it is in the interest of justice" to

confer broad discretion on the trial court. See, e.g., U.S. v. Botefuhr, 309 F.3d 1263, at 1274 n. 8 (10th Cir. 2002); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999). The burden is on the party moving to establish the existing forum is inconvenient. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). In general, plaintiff's choice of forum is rarely disturbed. Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992) (quoting William A. Smith Contracting Co. v. Travelers Indem. Co., 467 F.2d 662, 664 (10th Cir.1972)). In determining whether a transfer is in the interest of justice, the court must consider the following factors: the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991).

In reviewing the interest of justice standards, the court finds that any transfer would merely shift the inconvenience from one party to another. While there may be a number of witnesses in Washington, there are also a number of witnesses in this state. Although defendants raise the issue that Washington law may apply to this case, the court does not find this persuasive. Federal courts regularly review questions of foreign law. Under these circumstances, the court defers to plaintiffs' choice of forum in Kansas.

IT IS ACCORDINGLY ORDERED this 25th day of May, 2005, that the court denies defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Improper Venue or alternatively for Change of Venue (Dkt. No. 29).

                                              s/ J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE