IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN T. STEIN and JOLEEN K. STEIN,

    Plaintiffs,

vs.

Case No. 04-1311-JTM

GREGORY L. STEIN, SHARON W. STEIN,
MERIDIAN TOWN CENTER LLC,
MERIDIAN PLACE, LLC and PL WEST,
LLC,

    Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on the Plaintiffs' Motion to Dismiss Defendants' Counterclaim (Dkt. No. 71) and Defendants' Cross-Motion for Leave of Court to Assert Counterclaim, which is included in defendants' response (Dkt. No.82). Plaintiffs assert that defendants did not have permission or leave from the court to raise their counterclaim at this late juncture and that the counterclaim is barred because it was not raised in response to plaintiffs' original complaint. Defendants argue that their counterclaim timely responded to plaintiffs' Amended Complaint and is conditioned on the court's finding of jurisdiction and plaintiffs' ownership in the PL West, LLC. In the alternative, defendants ask the court for leave to assert the counterclaim.

Federal Rules of Civil Procedure 15(a) provides that "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party." The court has broad

discretion in permitting amendment and leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A party shall plead in response to an amended pleading with the time remaining for response to the original pleading or within 10 days after service of the amended pleadings, whichever period may be the longer, unless the court orders otherwise." Fed. R. Civ. P. 15(a). A court may refuse to grant leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); <u>Frank v. U.S. West, Inc.</u>, 3 F.3d 1357, 1365 (10th Cir. 1993); <u>Welch v. Centex Home Equity Co., L.L.C.</u>, 323 F. Supp. 2d 1087, 1090 (D. Kan. 2004).

In the interest of justice, the court will permit defendants to file their counterclaim. Since the counterclaim was in response to the amended complaint and conditioned on the court finding personal jurisdiction and a finding of plaintiffs' ownership in PL West, the court does not expect the claim to be unduly prejudicial to the opposing party. While plaintiffs allege bad faith and dilatory motive, the court does not find this to be the case under the circumstances. For ease in judicial administration, the court instructs defendants to make timely filings in accordance with the federal rules.

IT IS ACCORDINGLY ORDERED this 25th day of May, 2005, that the court denies plaintiffs' Motion to Dismiss Defendants' Counterclaim (Dkt. No. 71) and grants defendants' Cross Motion for Leave to Assert Counterclaim as asserted in their response.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE