IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN T. STEIN and JOLEEN K. STEIN, <br><br> Plaintiffs, <br><br> vs. <br><br> GREGORY L. STEIN, SHARON W. STEIN, MERIDIAN TOWN CENTER, LLC, MERIDIAN PLACE, LLC and PL WEST, LLC, <br><br> Defendants. | Case No. 04-1311-JTM |

MEMORANDUM AND ORDER

This matter arises from plaintiffs' motion to retax costs (Dkt. No. 144). For the following reasons, the court denies plaintiffs' motion.

*I.  Transcript Fees*:

*A.  CRS Court Reporting Service, Wichita, KS (Inv. #5243)*:

Plaintiffs argue that the Min-u-scripts and E-transcripts are not recoverable and that the costs incurred in obtaining the deposition testimony of two witnesses are not recoverable. Specifically, plaintiffs argue that defendants claim $3,797.25 in costs listed on invoice number 5243 from CRS Court Reporting Service for the depositions of both plaintiffs, Morrie Soderberg, Duane Thibault, Curt Marshall, and Larry Fief. The plaintiffs believe that these costs account for the original transcription and one copy, but also, inappropriately include the Min-u-script ("M-U-S") and E-transcript for each deposition. These charges, plaintiff argues, are not authorized as

costs in Kansas courts. *See Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065 (D. Kan. 2005). While the court agrees with plaintiff, the court notes that the clerk subtracted $162.80 to reflect the deletion of Min-u-scripts and E-transcripts. Thus, the clerk reduced the original amount claimed by defendant, $3797.25, to $3634.45 in order to reflect that the charges are not authorized costs. Therefore, the court will not further reduce the costs for these charges.

      Additionally, plaintiffs argue that charges for the depositions of Morrie Soderberg and Duane Thibault should not be included as costs because none of the deposition transcripts could have been used in defendants' motion to dismiss as the depositions were taken after the motion was briefed and submitted. However, the court agrees with defendants in that the trial court has great discretion to tax the costs of depositions if it determines that all or any part of the deposition was necessarily obtained for use in the case, even if not actually used in the trial itself. *Wabnum v. Snow*, No. 97-4101-SAC, 2001 WL 1718043, at *2 (D. Kan. 2001). Plaintiffs listed these individuals as primary witnesses with knowledge evidencing plaintiffs' claim that the relationship of the brothers was that of partners. Because this was a key factual issue in the case, the court finds that the costs were properly included.

<u>B. CRS Court Reporting Service, Wichita, KS (Inv. #5218)</u>:

      Plaintiffs allege that the Min-u-script and E-transcript costs for witness Robert Clubine is not properly recoverable. However, the clerk reduced the original amount claimed by defendant from $468.05 to $451.45 in order to reflect the exclusion of these costs. Therefore, the court will not further disallow costs on this invoice.

*C.  MJ Productions, Wichita, KS (Inv. #3715) (Videotaping)*:

Plaintiffs argue that these costs should be disallowed in that the depositions of Morrie Soderberg and Duane Thibault are not properly recoverable because their testimony was not specifically used in the motion for summary judgment.  Additionally, plaintiffs argue that the invoice costs include shipping costs to defendants' counsel which are not recoverable.  *See Burton*, 395 F. Supp. 2d at 1065.

However, the court previously ruled that the depositions of these individuals concerned a key factual issue in the case.  Therefore, the court finds that the videotaping costs associated with these depositions were properly included.

Furthermore, the clerk has reduced the costs for this invoice from $1700.27 to $1672.27 in order to reflect the exclusion of postage.  The court finds that the postage was properly excluded.

*D.  Seattle Deposition Reporters (Inv. #33644) (Transcripts)*:

Plaintiffs dispute that defendant sought to include a $15.00 delivery charge, a $150.00 charge for Min-u-scripts, a $175.00 charge for E-transcripts, and a $56.70 charge for copying exhibits.  However, the clerk excluded all charges, except for the charge for copying exhibits.  Therefore, although the defendant claimed $2272.20, the clerk entered a cost of $1932.20.  Furthermore, the court finds that the $56.70 charge was properly included in that plaintiffs videotaped selected Seattle depositions, a copy of which was necessary to prepare defenses to the claims because Seattle witnesses could not be compelled to attend trial in Wichita.  *See Wabnum v. Snow*, No. 97-4101-SAC, 2001 WL 1718043, at *2 (D. Kan. 2001).  Therefore, the court finds that the costs were properly reflected in the clerk's itemization.

*E.  Royal Video Productions, Seattle (Inv. #11620) (DVD of Video Depositions Conducted by Plaintiff in Seattle)*:

Plaintiffs argue that videotaped depositions are not specifically authorized by 28 U.S.C. § 1920(2) and thus, should be disallowed.  However, although not specifically authorized, numerous courts have held that costs associated with video depositions are nevertheless recoverable.  *See Meredith v. Schreiner*, 814 F. Supp. 1004 (D. Kan. 1993).  The court endorses that a stenographic record must be made of any videotape deposition and therefore, the court believes the better practice is to allow the costs of both videotaped and stenographic depositions, absent a good reason to do so.  *Id*.

Plaintiff also argues that an $8.00 shipping charge should be excluded.  The clerk properly excluded this charge when it reduced the amount for this invoice from $628.00 to $620.00.

*II. Witness and Subpoena Fees*:

*A.  Witness Attendance Fees and Mileage*:

Plaintiffs argue that since the deposition testimony of Morrie Soderberg and Duane Thibualt was not used in defendants' motion for summary judgment, the witness fee and mileage expense should be disallowed.

However, the court finds that this deposition testimony was reasonably believed to be necessary for the preparation of defendants' case and therefore, was properly included.  "The trial court has great discretion to tax the cost of depositions if it determines that all or any part of the deposition was necessarily obtained for use in the case, even if not actually used in the trial

4

itself." *Wabnum v. Snow*, No. 97-4101-SAC, 2001 WL 1718043, at *2 (D. Kan. 2001) (quoting *Green Const. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 677 (D. Kan. 1994)).

B.  *Service of Subpoena Fees*:

Plaintiffs do not object to the clerk's action on this portion of the defendants' bill of costs.

III.  *Exemplification and Copy Fees*:

A.  *Photocopying Costs*:

Plaintiffs first argue that the clerk entered an amount of $111.28 more than what the defendants alleged they incurred under photocopying costs. However, the clerk found that the $111.28 reported by defendants in their documentation as "2. Witness Fees; 2.1 Bank of Tescott Records, Deposition Subpoena" was incorrectly included in the "Witness Fees" category. The clerk instead entered the amount into "Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case." The court did not inappropriately increase the cost bill from the $7553.09 requested to the $7664.37 allowed. Rather, the clerk moved the item to a different category under the bill of costs.

Plaintiffs further argue that the copying charges sought by defendants were "not necessarily obtained for use in the case." However, the defendants obtained these copies in order to analyze the paper trails relevant to the claims of plaintiffs and the preparation of preliminary motions, including defendants' motion to dismiss for lack of jurisdiction or change of venue. The court finds that these costs for copies were "necessarily obtained for use in the case" and thus were properly included. *See Vornado Air Circulation v. Duracraft Corp.*, No. 92-1543-WEB, 1995 WL 794070, at *3 (D. Kan. 1995).

Plaintiffs also allege that defendants seek to recover $272.24 for copying and binding of defendants' appellate brief although the costs were included in attorney's fees rendered by counsel and were not separately compensable items. Defendants argue that they have not submitted copying costs that were included within the hourly rate fee charged to the clients. The court finds that these costs were properly included as defendants note that a charge is not billed to a client if the copy task involves less than fifty pages because these costs are included in the attorney's hourly rate. However, defendants note, the billing statements note that other "in-house" copying charges are billed to the client and were in fact paid by the clients in this case. Therefore, the costs were properly included.

Finally, plaintiffs argue that due to the parties' planning conference, in which the parties agreed that "copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged by December 3, 2004," voluntary production of copies should preclude defendants from seeking to recoup these costs. However, the court finds this argument unpersuasive. The court agrees with defendants who note that when a document is needed, the document is pulled from the database of records and is photocopied. The second copying is indeed necessary and is reasonable.

*B.  Photocopying Costs – Performed In House and Billed to Client*:

Plaintiffs argue that these costs should be excluded because they should be considered a part of defendants' attorneys' fees. The court finds that these costs were properly included because the costs reflect in-house copying charges that were billed to the client.

*IV.  Clerk Fees*:

Plaintiffs argue that the clerk allowed defendants a $50.00 admission fee which should be excluded because defendants cannot demonstrate that it was necessary to employ counsel outside the state of Kansas.  The court finds that the fee was properly recoverable because the fees were necessarily incurred in order to appear and defend the claims filed by plaintiffs.  *See* 28 U.S.C. § 1920(1); *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065 (D. Kan. 2005).

IT IS ACCORDINGLY ORDERED this 26th day of February, 2007, that plaintiffs' motion to retax costs (Dkt. No. 144) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE